UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DYWUAN MITCHELL and NADA YOUSIF, on behalf of themselves and all others similarly situated,<br><br>  Plaintiffs,<br><br>  v.<br><br>SELECT COMFORT RETAIL CORP.,<br><br>  Defendant. | Case No. 20-cv-10110-DJC |

## MEMORANDUM AND ORDER

**CASPER, J.**                                                                                                                       July 20, 2020

### I.    Introduction

Plaintiffs Dywuan Mitchell ("Mitchell") and Nada Yousif ("Yousif") (collectively, "Plaintiffs") initiated this class action in state court against Defendant Select Comfort Retail Corporation, doing business as Sleep Number ("Sleep Number") to recover unpaid Sunday and holiday wages under the Massachusetts Wage Act, Mass. Gen. L. c. 149, §§ 148, 150.  D. 1-3. Sleep Number removed the action to this Court.  D. 1.  Sleep Number now moves to dismiss and compel individual arbitration by each of the Plaintiffs and, in the alternative, to dismiss the complaint for failure to state a claim, D. 5, and Plaintiffs move to remand the matter to state court for lack of subject matter jurisdiction, D. 11.  For the reasons stated below, the Court ALLOWS Plaintiffs' motion for remand, D. 11, and DENIES AS MOOT Sleep Number's motion to dismiss and compel arbitration, D. 5.

1

## II.     Standard of Review

### A.     Motion for Remand

Upon the filing of a motion to remand, the Court must assess whether it "would have had original jurisdiction of the case had it been filed in [this] court" initially. BIW Deceived v. Local S6, Indus. Union of Marine & Shipbuilding Workers of Am., IAMAW Dist. Lodge 4, 132 F.3d 824, 832 (1st Cir. 1997) (quoting Grubbs v. Gen. Elec. Credit Corp., 405 U.S. 699, 702 (1972)) (internal quotation mark omitted). When a plaintiff files an action in state court and the defendant responds by invoking federal jurisdiction through removal, the defendant has the burden of establishing that removal is proper. Danca v. Private Health Care Sys., Inc., 185 F.3d 1, 4 (1st Cir. 1999). The defendant "must . . . make a 'colorable' showing that a basis for federal jurisdiction exists." Id. (quoting BIW Deceived, 132 F.3d at 832). "Generally, [d]oubts about the propriety of removing an action should be resolved in favor of remand." Miara v. First Allmerica Fin. Life Ins. Co., 379 F. Supp. 2d 20, 26 (D. Mass. 2005) (citation omitted).

## III.    Factual Background

The following facts are undisputed unless otherwise noted and taken from the complaint, D. 1-3, the parties' motions to compel arbitration and remand, D. 5; D. 11, and oppositions and supporting affidavits regarding same. Sleep Number is a foreign corporation that operates twelve retail stores in Massachusetts. D. 1-3 ¶ 5. Sleep Number employs over forty employees across its twelve Massachusetts stores. D. 1-3 ¶ 5. Both Mitchell and Yousif are residents of Massachusetts and worked as salespeople in Sleep Number stores. D. 1-3 ¶¶ 2-3. Yousif began working for Sleep Number in January 2017 and again in 2019 and Mitchell began working for Sleep Number in March 2019. D. 1-3 ¶¶ 2-3; D. 1-6 ¶ 1. As of the filing of the complaint, both Yousif and Mitchell still worked for Sleep Number. D. 1-3 ¶¶ 2-3. Plaintiffs and other salespeople regularly work on Sundays and holidays. D. 1-3 ¶ 7.

Mitchell and Yousif both had employment agreements with Sleep Number. D. 5-4; D. 5-5; D. 5-6. Mitchell was an employee of the company twice and, therefore, had two such agreements. D. 5-4; D. 5-5. Each agreement includes an agreement to arbitrate and a provision stating the claims covered by the agreement to arbitrate. D. 5-4 at 6; D. 5-5 at 5; D. 5-6 at 5-6. The agreements also provided that an employee agreed not to serve as a class representative or member of a class with respect to any dispute with Sleep Number and agreed that any arbitration would be conducted on an individual, not class-wide, basis. D. 5-4 at 6-7; D. 5-5 at 5; D. 5-6 at 5-6.

Although Yousif and Mitchell assert that they do not recall reviewing or signing the agreements, D. 13-1 ¶ 3; D. 13-2 ¶¶ 4, 7, records show that Yousif's 2017 agreement and Mitchell's agreement contained arbitration clauses signed by Yousif and Mitchell through an online portal unique to each of them and Yousif's 2019 agreement appears to be signed and dated. D. 16-1 ¶¶ 9-16; D. 5-4 at 10; D. 5-5 at 8; D. 5-6 at 9-10. Yousif attest that he does not recognize the signature on his 2019 agreement as his own. D. 13-2 ¶ 6. Only Yousif's 2019 agreement appears to be signed by a Sleep Number Representative. D. 5-4 at 10; D. 5-5 at 8; D. 5-6 at 9-10.

Plaintiffs seek to certify the following class: "all individuals who have worked for [Sleep Number] as salespeople in Massachusetts during the statutory period appliable to this action." D. 1-3 ¶ 9. In their complaint, Plaintiffs seek damages for unpaid premium wages, statutory trebling, interest, attorney's fees and costs. D. 1-3 at 9. In the original state court civil cover sheet, Plaintiffs sought damages in an amount over $25,000. D. 1-4 at 2.

### IV.   Procedural History

Plaintiffs instituted this action in Suffolk Superior Court on December 3, 2019, D. 1-3, and Sleep Number removed the matter to this Court on January 17, 2020. D. 1. Plaintiffs have now

moved to remand to state court, D. 11, and Sleep Number has moved to compel arbitration and dismiss, D. 5.  The Court heard the parties on the pending motions and took the matters under advisement.  D. 20.

**V.     Discussion**

Sleep Number removed this case to this Court claiming diversity jurisdiction, which requires complete diversity between the parties and that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs."  28 U.S.C. § 1332.  D. 1 at 2.  The parties do not dispute that there is complete diversity of citizenship between the parties, D. 1 at 7; D. 11 at 3, and instead dispute whether the jurisdictional amount in controversy has been met, D. 11 at 4.  A defendant removing a case to federal court must also "show a 'reasonable probability'" that the amount in controversy satisfies the jurisdictional minimum.  See Amoche v. Guar. Tr. Life Ins. Co., 556 F.3d 41, 48 (1st Cir. 2009); Youtsey v. Avibank Mfg., Inc., 734 F. Supp. 2d 230, 233 (D. Mass. 2010).  The reasonable probability standard is "particularly applicable where, as here, a plaintiff's complaint does not contain specific damage allegations."  Reynolds v. World Courier Ground, Inc., 272 F.R.D. 284, 286 (D. Mass. 2011).  The Court should consider what both sides have shown when removal is disputed, Amoche, 556 F.3d at 51, and the "removal statute should be strictly construed against removal."  Rossello–Gonzalez v. Calderon–Serra, 398 F.3d 1, 11 (1st Cir. 2004) (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108 (1941)).

Sleep Number argues that there is a reasonable probability the $75,000 amount in controversy for federal jurisdiction has been met or exceeded because the Massachusetts Wage Act provides for attorney's fees and treble damages and, at least as to Plaintiff Yousif, these damages amount to over $75,000.  D. 12 at 7-8.  The Court first looks to Plaintiffs' damages allegations to determine the amount in controversy.  Coventry Sewage Assocs. v. Dworkin Realty

Co., 71 F.3d 1, 6 (1st Cir. 1995).  Here, there are no damage allegations in the complaint itself, D. 1-3, but the state court civil cover sheet claimed damages of over $25,000, D. 1-4 at 2, which is less than the jurisdictional amount required here, a sum or value exceeding $75,000.  The parties agree that the Plaintiffs or the alleged class's damages may not be aggregated to satisfy the jurisdictional amount in controversy, see D. 11 at 4; D. 12 at 8, and so to establish diversity jurisdiction here, at least one of the Plaintiffs' damages must meet the statutory minimum.  Sleep Number argues that Yousif's damages exceed this threshold.  D. 12 at 11.

Because Plaintiffs here seek damages under the Massachusetts Wage Act which provides that a prevailing plaintiff "shall be awarded treble damages," Mass. Gen. L. c. 149, § 150, the Court may consider them as part of the amount in controversy.  Vilaythong v. Sterling Software, Inc., 353 F. Supp. 3d 87, 93 (D. Mass. 2018) (considering treble damages under the Wage Act in assessing the amount in controversy).  On this record, the damages for Yousif, who worked for Sleep Number longer than Mitchell, for lost wages amount to $8,040.15 or $24,120.45 after trebling.  D. 11 at 4; D. 12 at 11.  Sleep Number argues that the remaining amount may be accounted for by considering potential attorney's fees.[1]  D. 12 at 11.

A court may consider potential attorney's fees as part of the amount-in-controversy calculation when "a statute mandates or allows the payment of such fees."  Dep't of Rec. and Sports of Puerto Rico v. World Boxing Ass'n, 942 F.2d 84, 89 (1st Cir. 1991).  The Massachusetts Wage Act states that "[a]n employee . . . who prevails in [an action for a violation of Mass. Gen. L. c. 149] shall be entitled to an award of the costs of the litigation and reasonable attorney fees," Mass. Gen. L. c. 149 § 140, and, thus, it is appropriate to consider attorney's fees in this instance,

---

[1] Sleep Number's papers refer to $50,579.55 as the remaining amount to reach at least $75,000 after accounting for trebling of Yousif's damages ($24,120.45), but the correct figure is actually $50,879.55, D. 12 at 11, so the Court considers this number in its analysis.

Sullivan v. Gallery Auto. Grp., LLC, 16-cv-12552-GAO, 2017 WL 3142465, at *3 (D. Mass. July 25, 2017) (considering attorney's fees in assessing the amount in controversy for a Wage Act claim).

The Court may only consider attorney's fees to the extent they may be reasonably estimated. Dep't of Rec. & Sports of Puerto Rico, 942 F.2d at 90. The First Circuit, however, has not decided whether, in the "reasonable estimate" of the potential fees, the Court may include future attorney's fees as opposed to only those as of the time of removal. Waithaka v. Amazon.com, Inc., No. 17-cv-40141-TSH, 2018 WL 4092074, at *2 (D. Mass. Aug. 28, 2018) (recognizing that whether post removal fees may be considered is an open question in this circuit). District courts in this circuit have taken up the issue to differing results. Compare Barbuto v. Advantage Sales & Mktg., LLC, 148 F. Supp. 3d 145, 149 (D. Mass. 2015) (explaining that "fees that have not yet been incurred cannot be said to be in controversy at the time of removal") with Raymond v. Lane Const. Corp., 527 F. Supp. 2d 156, 163 (D. Me. 2007) (rejecting the argument that the court may never consider future attorney's fees when there was legal certainty that the plaintiff's attorney's fees when combined with actual damages would cross the jurisdictional threshold). Adopting a rule allowing for the consideration of future attorney's fees "might not provide much succor to removing defendants, who would still carry the burden of showing, by a preponderance of the evidence or reasonable probability, that the case meets the amount-in-controversy requirement." Dias v. Genesco, Inc., 365 F. Supp. 3d 158, 163 (D. Mass. 2019).

Even assuming, as argued, that future attorney's fees may be considered, defendants have not demonstrated that the fees here meet the threshold. Unlike in Raymond where the plaintiff's damages, absent attorney's fees were $73,218 and the attorney's fees as of the date of removal were $2,782, collectively amounting to $75,000, Raymond, 527 F. Supp. 2d at 163, here it is not

the case that "even one extra dollar of attorney's fees would place her over the [jurisdictional] threshold." Id. Rather, Sleep Number must make up a two thirds deficit on the amount in controversy in attorney's fees. D. 12 at 11. Another session in this Court observed that "having over two thirds of the estimated amount come from attorney's fees is not reasonable" and ruled that the removing party had not demonstrated the requisite amount in controversy. Waithaka, 2018 WL 4092074, at *3.

To address this two thirds deficit and satisfy the amount in controversy requirement, Sleep Number cites cases where attorney's fees ranged from $53,000 to $179,039 for plaintiffs[2] who succeeded in non-class action suits. D. 12 at 12. There are a few issues with this approach. First, to the extent that any of these cases addressed attorneys' fees that would be awarded for multiple plaintiffs or an entire class, it is "settled that damages sustained by class members cannot be aggregated in order to satisfy the jurisdictional amount." Ciardi v. F. Hoffman-La Roche, Ltd., No. 99-cv-11936-GAO, 2000 WL 159320, at *1 (D. Mass. Feb. 7, 2000). Accordingly, "[m]ost courts that have faced the question have concluded . . . that the estimated amount of an award of attorney's fees in a class action must be prorated across the membership of the putative class." Id.; see also Arrigo v. Scholarship Storage, Inc., No. 10-cv-11650-MLW, 2011 WL 3584715, at *5 (D. Mass. Aug. 10, 2011) (explaining that "attorney's fees must be prorated across the entire class"); Reynolds, 272 F.R.D. at 287 (applying a *pro rata* share of attorney's fees); Radlo v. Rhone-Poulenc, S.A., 241 F. Supp. 2d 61, 64 (D. Mass. 2002) (same); Pantano v. Ocwen Loan Servicing, LLC, No. 19-cv-11178-DJC, 2019 WL 7039629, at *3 (D. Mass. Dec. 20, 2019) (same).

---

[2] While it appears that in most of the cases it cites, Sleep Number only refers to attorney's fees for single plaintiffs, it appears in at least one, D. 1-9, Sleep Number's calculation aggregates the attorney's fees of multiple plaintiffs, D. 12 at 12, an approach previously rejected, see Snyder, 394 U.S. at 335 (citing cases).

Sleep Number does not dispute, nor does it appear it can,[3] that if this Court were to apply the predominate approach and prorate the fees across the class, it will not reach the jurisdictional amount in controversy.

Second, even assuming measuring Yousif's attorney's fees as if it were litigated as a single plaintiff case, is the correct measure of calculation, Sleep Number has not demonstrated with reasonable certainty that this case, if it were tried as an individual plaintiff would accumulate over $50,000 in attorney's fees.  This case is handled by a single attorney.  D. 11 at 6.  By way of comparison, in another single plaintiff case handled by the same counsel previously before this court which included multiple discovery motions, cross motions for summary judgment and an appeal briefed and argued before the First Circuit, attorney's fees amounted to just over $50,000.  See Lavery v. Restoration Hardware Long Term Disability Benefits Plan, 17-cv-10321 (D. Mass. 2017), D. 86.  In contrast, this case appears to center around one major legal issue:  whether Sleep Number was required to pay Sunday and holiday premium pay even though it did not employ more than seven employees at any single Massachusetts store,  D. 5-1 at 21-25.

Accordingly, given the record here concerning attorney's fees, the Court is unable to find a reasonable probability that the total amount in controversy, even considering the potential for trebled damages and attorney's fees, exceeds the sum or value of $75,000.  See  Youtsey, 734 F. Supp. 2d at 238-39.

For all of these reasons, the Court allows the motion to remand.  D. 11. Given the Court's ruling on the motion to remand, the Court denies the motion to dismiss and compel arbitration, D.

---

[3] With only $24,120.45 in actual damages, Yousif's pro rata share of attorney's fees would have to be over $50,879.55 making the necessary, aggregate attorney's fees with a forty-person class (representing all of Sleep Number's salespeople, D. 1-3 ¶ 5) over $2,035,182.00.

5, as moot.  See, e.g., DeGattegno v. Sprint Corp., 297 F. Supp. 2d 372, 379 (D. Mass. 2003); Kirkman v. Explorica, Inc., 681 F. Supp. 2d 104, 105 (D. Mass. 2009).

**VI.    Conclusion**

For the foregoing reasons, the Court ALLOWS Plaintiffs' motion for remand, D. 11, and DENIES AS MOOT Sleep Number's motion to dismiss and compel arbitration, D. 5.

**So Ordered.**

/s/ Denise J. Casper
United States District Judge